# JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| GLENN DIAZ and LAURA DIAZ,<br><br>Plaintiffs,<br><br>v.<br><br>NESTLE HOLDINGS, INC., et al.,<br><br>Defendants. | Case No.: CV 18-10169-CJC(RAOx)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [Dkt. 14]** |

## I. INTRODUCTION

Plaintiffs Glenn Diaz and Laura Diaz bring this action against nineteen entities and five individuals for claims related to Glenn Diaz's termination from Nestle. (Dkt. 1-1 [Complaint, hereinafter "Compl."].) Before the Court is Plaintiffs' motion to remand to

state court. (Dkt. 14 [hereinafter "Mot."].) For the following reasons, the motion is **GRANTED**.[1]

## II. BACKGROUND

In 1988, Mr. Diaz was first hired at Nestle as a floor employee in the warehouse. (Compl. ¶ 11.) He was promoted to team leader in 1997 and to supervisor in 2005. (*Id.* ¶ 12.) He worked out of a warehouse in Mira Loma, California, and attended company meetings biannually in Glendale, California. (*Id.* ¶ 14.)

On September 26, 2018, Mr. Diaz was terminated by Nestle for purportedly violating company policy. (*Id.* ¶ 15.) Mr. Diaz claims he was wrongly terminated because (1) he refused to interfere with unionization efforts and (2) Nestle discriminated against him based on his age. First, Mr. Diaz alleges that he was wrongly accused of interrogating employees about their unionization efforts and what was going in union meetings. (*Id.* ¶ 15.) In 2018, Nestle employees began unionization efforts after the company made several organizational changes. (*Id.* ¶ 14.) During this time, Mr. Diaz's supervisors, including Defendant Phil Meister, allegedly questioned Mr. Diaz about the mood on the warehouse floor and what discussions were taking place at union meetings. (*Id.*) Mr. Diaz asserts that he shared any issues that warehouse employees brought to his attention, but he never attended any of the union meetings or interfered with unionization efforts. (*Id.*)

In late summer 2018, Nestle began an investigation into Mr. Diaz. In August 2018, Mr. Diaz received a call from Defendants Natasha Gonzalez and Celeste Gardner,

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for January 28, 2019, at 1:30 p.m. is hereby vacated and off calendar.

who informed him that the company had initiated a formal investigation into alleged employee complaints about Mr. Diaz. (*Id.* ¶ 15.) In early September 2018, Mr. Diaz met with Ms. Gardner and Defendant Sean Gibson for a formal interview as part of the investigation. (*Id.*) Mr. Diaz was accused of interrogating employees about what was going on in union meetings. (*Id.*) Shortly after the interview, Mr. Diaz went to Ms. Gardner's office to complain that he did not think the investigation was conducted in a fair and unbiased manner. (*Id.*) One week after the interview, Mr. Diaz was provided with a statement and given the opportunity to make changes to it. (*Id.*) However, before he had an opportunity to submit a revised statement, Mr. Diaz was terminated. (*Id.*)

Second, Mr. Diaz alleges that Nestle and its employees discriminated against him on the basis of age. (*Id.* ¶ 15.) At the time of his termination, Mr. Diaz was 52 years old and one of the highest paid and oldest supervisors in his department. (*Id.*) In the year prior to his termination, Mr. Diaz was asked to train younger employees to serve as supervisors. (*Id.*) Shortly before his termination, these employees were hired to work as supervisors in Diaz's area. (*Id.*) Mr. Diaz generally alleges that Nestle engaged in a false investigation to target him because of his age.

On November 1, 2018, Plaintiffs filed this action in Los Angeles County Superior Court. (Dkt. 1-1.) Mr. Diaz asserts causes of action for (1) violation of California Government Code §§ 12900, *et seq.*, for retaliation, discrimination, and harassment on the basis of age, (2) intentional infliction of emotional distress, (3) breach of implied-in-fact contract not to terminate employment without good cause, (4) breach of express oral contract not to terminate employment without good cause, (5) negligent hiring, supervision, and retention, (6) defamation, (7) coerced self-defamation, (8) violation of California Labor Code §§ 1102.5. *et seq.*, and (9) wrongful termination of employment in violation of public policy. (*See generally* Compl.) Laura Diaz, Mr. Diaz's wife, brings a separate cause of action for loss of consortium. (*Id.*)

The Complaint names a total of twenty-four defendants. There are nineteen entity defendants: (1) Nestle Holdings, Inc., (2) Nestle Dryers Ice Cream Company, (3) Nestle Prepared Foods Company, (4) Nestle Capital Corporation, (5) Nestle Transportation Company, (6) Nestle Waters North America Holdings Inc., (7) Nestle Regional Globe Office North America, Inc., (8) Nestle, USA, (9) Nestle, (10) Nestle Company, (11) Nestle Foods Corporation, (12) NDC Services, Inc., (13) Nestle Food Company, (14) Nestle Distribution Services, (15) Nestle Distribution Company, (16) Nestle Logistics Services, (17) Carnation, (18) Carnation Company, and (19) Nestle USA, Inc. (collectively, "Entity Defendants"). There are five individual defendants: (1) Phil Meister, (2) Celeste P. Gardner, (3) Sean Gibson, (4) Natasha Gonzalez, and (5) Vanessa Bongiorno (collectively, "Individual Defendants"). Plaintiffs and all five Individual Defendants are citizens of California. (*See* Dkt. 1 [Notice of Removal].)

Defendant Nestle USA, Inc. removed this case to federal court on December 6, 2018. (*See generally id.*) While Defendants acknowledge that both Plaintiffs, all five Individual Defendants, and several of the Entity Defendants are California citizens, Defendants argue that federal diversity jurisdiction is proper in this case because: (1) all Defendants beside Nestle USA, Inc. are sham defendants, and should not be considered in establishing diversity; (2) Nestle USA, Inc. is not a California citizen; and (3) the amount in controversy exceeds $75,000. (*See id.*) Plaintiffs now move to remand, arguing that Nestle USA, Inc. has not proved that the Court has federal jurisdiction. (Mot.)

**III. ANALYSIS**

A civil action brought in state court, but over which a federal court may exercise original jurisdiction, may be removed by the defendant to a federal district court. 28 U.S.C. § 1441(a). The burden of establishing subject matter jurisdiction falls on the

defendant, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). If at any time before final judgment, the court determines that it is without subject matter jurisdiction, the action shall be remanded to state court. 28 U.S.C. § 1447(c). Federal district courts have diversity jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332(a).

But removal is proper despite the presence of non-diverse defendants where those defendants are fraudulently joined or sham defendants. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Joinder is fraudulent if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quotation omitted). Conversely, "if there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Id.* at 1044. Fraudulent joinder must be proven by "clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). A defendant may present additional facts to show that the joinder is fraudulent. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *see also Morris*, 236 F.3d at 1068 (approving of "piercing the pleadings" and considering summary judgment-type evidence such as affidavits and deposition testimony when fraudulent joinder is alleged).

However, in determining whether a defendant was fraudulently joined, all disputed questions of fact and all ambiguities in the controlling state law must be resolved in favor of remand to state court. *Hunter*, 582 F.3d at 104 at 1042. "There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has

fraudulently joined a party carry a heavy burden of persuasion." *Onelum v. Best Buy Stores L.P.*, 948 F. Supp. 2d 1048, 1051 (C.D. Cal. 2013) (quoting *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001)). "The defendant must demonstrate that plaintiff has no possibility of establishing a cause of action in state court against the sham defendant." *Racier v. Sun Life Assurance Co. of Can.*, 941 F. Supp. 2d 1191, 1194 (N.D. Cal. 2013). Accordingly, if a "non-fanciful possibility" that Plaintiff can state a viable state law claim exists, the Court must remand this action. *Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002); *see, e.g., Doe v. Medalist Holdings, L.L.C.*, 2017 WL 3836041, at *2 (C.D. Cal. Sept. 1, 2017).

Defendants have failed to meet their heavy burden of showing that the five Individual Defendants are fraudulently joined. The Complaint states four causes of action against the Individual Defendants: (1) age-based harassment in violation of FEHA, (2) intentional infliction of emotional distress, (3) defamation, (4) coerced self-defamation, and (5) loss of consortium. Even if Plaintiffs do not currently plead facts sufficient to state claims against the Individual Defendants, Defendants have not established that Plaintiffs could not amend their pleadings and ultimately recover against the Individual Defendants under state law. *See Racier*, 941 F. Supp. 2d at 1194.

For instance, Mr. Diaz asserts a claim for age-based harassment under FEHA. To state a prima facie claim for age-based harassment under FEHA, a plaintiff must allege: "(1) he is a member of a protected class; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his membership in the protected class; and (4) the harassment unreasonably interfered with his work performance by creating an intimidating, hostile, or offensive work environment." *Mendoza v. Staples, Inc.*, 2014 WL 6670221, at *4 (C.D. Cal. Nov. 24, 2014). The fourth element requires Mr. Diaz to show that the Individual Defendants' conduct "would have interfered with a reasonable employee's work performance and would have seriously affected the psychological well-

being of a reasonable employee." *Thompson v. City of Monrovia*, 186 Cal. App. 4th 860, 877 (2010). To be actionable, the conduct must be sufficiently severe or pervasive. *See Aguilar v. Avis Rent A Car Sys., Inc.*, 21 Cal. 4th 121, 131 (1999) (noting that "occasional, isolated, sporadic, or trivial" conduct is insufficient).

Mr. Diaz brings his harassment claim against his manager and several human resources representatives at Nestle. Under California law, "harassment consists of a type of conduct not necessary for performance of a supervisory job" and "outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 63–65 (1996). Here, Mr. Diaz alleges that Defendants discriminated against him on the basis of his age. He further alleges that the Individual Defendants harassed him by engaging in a "false" investigation, getting angry at him, and telling him he was disliked. (Compl. ¶ 15.) Such actions are arguably outside the scope of necessary job performance. *Cf. Janken*, 46 Cal. App. 4th at 63. Although the Complaint may not describe this harassment at a high-level of detail, Defendants have failed to establish that the Individual Defendants were fraudulently joined. *See Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1160 (C.D. Cal. 2009) ("The words fraud and sham imply a degree of chicanery or deceit, and a state court plaintiff engaging in a common strategy of pleading broadly does not engage in a fraud or sham."). Denying federal diversity jurisdiction in this case, where Mr. Diaz seeks to name his former manager and other supervisors in a lawsuit relating to his termination, "is consistent with the Founders' intent in establishing diversity jurisdiction." *See id.*

*//*

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand is **GRANTED**. Defendant Nestle USA, Inc. has failed to prove fraudulent joinder by clear and convincing evidence. *See Hamilton Materials*, 494 F.3d at 1206. Since the Court must reject federal jurisdiction where "there is any doubt as to the right of removal," *Gaus*, 980 F.2d at 566, the Court concludes that it lacks subject matter jurisdiction over this case.

DATED: January 18, 2019

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE